# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.A.C. Industries, Inc.<br>54-08 Vernon Blvd.<br>Long Island City, NY 11101<br><br>    *Plaintiff*,<br><br><br>v.<br><br><br><br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>c/o Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485,<br><br>Kenneth T. CUCCINELLI,<br>Director, U.S. Citizenship and Immigration<br>Services, in his Official Capacity,<br>c/o Office of the General Counsel<br>245 Murray Lane, SW<br>Mail Stop 0485<br>Washington, DC 20528-0485,<br><br>    *Defendants*. | Civil Action No. 19-cv-6088<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUCTIVE RELIEF AND<br>REVIEW OF AGENGY ACTION<br>UNDER THE ADMINISTRATIVE<br>PROCEDURE ACT** |

## INTRODUCTION

1. Plaintiff, C.A.C. Industries, Inc. ("C.A.C."), a U.S. corporation, challenges the Defendants' arbitrary and unlawful decision to deny its petition for nonimmigrant "H-1B" status for a valued, highly-educated, and skilled foreign-born employee. Plaintiff C.A.C. is a water and sewage system construction company based in Long Island City, NY which employs 365 employees and has an annual gross revenue of approximately $150 million.

2. C.A.C. filed an H-1B cap subject petition on behalf of Marko Dekovic as the company seeks to employ Mr. Dekovic in the role of Computer Systems Analyst.

3. The H-1B visa classification allows highly skilled and educated foreign nationals to work for U.S. employers in "specialty occupations" which are positions requiring the theoretical and practical application of a body of highly specialized knowledge, for which a Bachelor's degree or higher in a specific specialty is required. Defendant U.S. Citizenship and Immigration Services ("USCIS"), is responsible for adjudicating H-1B petitions.

4. USCIS erroneously denied Plaintiff C.A.C.'s H-1B petition filed on behalf of Mr. Dekovic despite the record evidence that the proffered position with the Computer Systems Analyst occupation is a specialty occupation.

5. The Defendants' decision erroneously concluded that the proffered Computer Systems Analyst role does not qualify as a specialty occupation based on its misinterpretation of the Department of Labor's ("DOL") Occupational Outlook Handbook ("OOH"). This denial is representative of a recent adjudicative approach in which Defendant USCIS misinterprets the OOH, applies this misinterpretation despite relevant, probative evidence establishing eligibility for H-1B classification, and fails to consider employers' demonstration of H-1B eligibility pursuant to controlling regulatory criteria.

6. USCIS improperly rejected an expert opinion letter submitted by C.A.C. as evidence that the proffered Computer System Analyst position qualifies as a specialty occupation in contravention of applicable case law.

7. Defendants also misinterpreted the regulatory requirements for demonstrating a specialty occupation, in contravention of the regulations plain language. As such, Defendants imposed a higher standard on Plaintiff C.A.C. then the regulations require.

8. Defendants acted in an arbitrary and capricious manner and contrary to law in denying the H-1B petition on behalf of Mr. Dekovic. As such, the Court should vacate the denial and approve the H-1B petition.

**JURISDICTION**

9. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. and the APA, 5 U.S.C. § 701 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. There exists between the parties an actual and justiciable controversy in which Plaintiffs seek declaratory and injunctive relief to protect their legal rights. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

**VENUE**

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1) because this is a civil action in which the Defendants are acting in their official capacity as agents of the United States and the Plaintiff's headquarters are in Long Island City, NY, which is located within the Eastern District of New York.

**EXHAUSTION OF REMEDIES**

11. Defendant USCIS' September 17, 2019 denial of Plaintiff C.A.C.'s H-1B cap subject petition constitutes a final agency action under the APA, 5 U.S.C. § 701, et seq. Neither the Immigration and Nationality Act nor Department of Homeland Security ("DHS") regulations at 8 C.F.R. § 103.3(a) require an administrative appeal of the denial. Accordingly, the Plaintiff has no administrative remedies to exhaust.

## PARTIES

12. Plaintiff C.A.C. is a U.S. corporation that employs 365 employees in the United States and serves as a contractor for water and sewer system construction for projects including water distribution systems, storm and sanitary sewers, and green infrastructure projects. It submitted the H-1B cap subject petition at issue here.

13. Defendant USCIS is a component of the DHS and an "agency" which the meaning of the APA, Administrative Procedure Act (APA), 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions, and it denied the H-1B cap subject petition at issue here.

14. Defendant Kenneth T. Cuccinelli is the Acting Director of USCIS. In this role, he oversees the adjudication of immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of Plaintiff C.A.C.'s H-1B cap subject petition and is sued in his official capacity.

## LEGAL BACKGROUND

*H-1B Petition Process*

15. Section 101(a)(15)(H)(i)(b) of the INA provides for the admission into the United States of temporary workers sought by petitioning U.S. employers to perform services in a specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b). This nonimmigrant classification is commonly referred to as "H-1B."

16. A "specialty occupation" is one that requires the "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i).

17. The H-1B classification has several prerequisites a U.S. employer must meet before filing a nonimmigrant visa petition with USCIS. The employer must identify the Standard Occupational Classification ("SOC") code, and the corresponding occupational classification for the offered position. For the proffered Computer Systems Analyst role, Plaintiff C.A.C. identified SOC code 15-1121 which is the occupational classification for Computer Systems Analysts.

18. In order for a foreign national to receive an H-1B classification, a U.S. employer must file a nonimmigrant visa petition on the foreign national's behalf with USCIS. For employers seeking an initial H-1B petition for an individual who has not previously been granted H-1B status, cap subject H-1B classification is limited to 65,000 per fiscal year for those with a Bachelor's degree or its equivalent. *See* INA § 214(g)(1)(A). USCIS conducts a computer-generated random selection (lottery) process to select enough H-1B petitions to meet the congressionally-mandated regular cap and the U.S. advanced degree exemption each fiscal year.

*H-1B Requirements*

19. For an H-1B classification, USCIS determines whether the petitioning employer's job qualifies as a specialty occupation and whether the foreign national on whose behalf the petition was filed, known as the beneficiary, is qualified to perform the job duties required by the specialty occupation. *See* 8 C.F.R. §§ 214.2(h)(4)(i)(A)(1), (h)(4)(iii)(B)(3).

20. The agency regulation provides:

(A) Standards for specialty occupation position. To qualify as a specialty occupation, the position must meet one of the following criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations, or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4).

21. In assessing whether a position meets the first criterion, i.e., that a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position, USCIS adjudicators routinely consult the OOH. The OOH is a DOL reference manual, updated every two years, which provides profiles about hundreds of occupations that provide a majority of the jobs in the United States. The occupational profiles describe, among other details, the typical education and training needed to enter the occupation. The O*NET is the "Occupational Information Network," which a state agency has developed and maintained under a DOL grant. The O*NET database is based on the SOCs and described on its website as "containing hundreds of standardized and occupation-specific descriptors on almost 1,000 occupations covering the entire U.S. economy." For occupations that O*NET has listed separately, such as Computer Systems Analyst, O*NET has a "Job Zone" category, which includes an education entry. Computer Systems Analysts are in "Job Zone 4: Considerable Preparation Needed."

## FACTUAL ALLEGATIONS

*Plaintiff C.A.C.*

22. Plaintiff C.A.C. is a Long Island City, NY based water and sewer systems construction company which employs 365 employees and has an annual revenue of approximately $150 million. C.A.C. has expertise in completing a wide range of projects as a contractor including water distribution systems, storm and sanitary sewers, green infrastructure projects, streets and

6

highway construction, transit related facilities, park projects, natural gas systems, steam pipelines and electric utilities.

23. Mr. Dekovic is a highly educated native of Serbia. He holds a Bachelor of Applied Science in Information Technology from Broward College in Fort Lauderdale, FL. Mr. Dekovic has been employed by C.A.C. since December 2016 to December 2017 pursuant to a valid grant of OPT from December 2016 to December 2017. Mr. Dekovic is currently completing a Training Plan with C.A.C. pursuant to a valid grant of STEM OPT from December 2017 to December 2019.

*The H-1B Cap Subject Petition*

24. On April 3, 2019, C.A.C. filed the H-1B cap subject petition on behalf of Mr. Dekovic. In support of the H-1B petition, C.A.C. submitted a detailed description of the Computer Systems Analyst job duties, the education needed to perform the job, and Mr. Dekovic's qualifications. *See* Exh. 1, Support Letter, page 2. C.A.C. indicated that the Computer Systems Analyst job requires at least a Bachelor's degree in Information Technology, Computer Science, or a related field. *See* id.

25. On June 7, 2019, Defendant USCIS issued a request for evidence ("RFE") which indicated that evidence submitted by the Plaintiff was insufficient to meet any of the regulatory criteria for a specialty occupation. *See* Exh. 2, Request for Evidence, page 2.

26. In its RFE response submitted on August 13, 2019, Plaintiff C.A.C. submitted additional evidence that the proffered Computer Systems Analyst role qualifies as a specialty occupation pursuant to each of the following: 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(1) (a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position); (A)(2) (the first alternative) (the degree requirement is common to the industry in parallel positions among similar organizations); (A)(2)(the second alternative) (the particular position is so

complex or unique that it can be performed only by an individual with a degree); and (A)(4) (the nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a bachelor's or higher degree. Any one of these criterion, standing alone, demonstrates that the position is a specialty occupation.

27. Plaintiff C.A.C. submitted a job description for the Computer Systems Analyst role which described the job duties of the proffered role in even greater detail. *See* Exh. 3, Job Description. Plaintiff C.A.C. submitted excerpts from the OOH and O*NET for the Computer Systems Analyst detailing the educational requirements for the occupation. *See* Exh. 4, OOH and O*NET Excerpts. Plaintiff C.A.C. also submitted an expert opinion letter from Professor Kelly Fadel, Ph.D., a Professor of Management Information Systems a the University of Utah finding that the proffered Computer Systems Analyst role qualifies as a specialty occupation position based the industry standard to require a Bachelor's degree in a specific specialty for similar positions and the nature of the job duties involved. *See* Exh. 5, Expert Opinion Letter.

*USCIS' Denial of H-1B Cap Subject Petition*

28. On September 17, 2019, Defendant USCIS denied C.A.C.'s H-1B cap subject petition filed on behalf of Mr. Dekovic. Defendant USCIS' decision is based upon clear errors of law. *See* Exh. 6, USCIS Denial of H-1B Cap Subject Petition.

29. USCIS' analysis of the facts and law with respect to each of the regulatory criteria contains several errors. Regarding the first regulatory criterion, 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(1), USCIS misreads the OOH and O*NET in analyzing this criterion and fails to properly consider and credit the evidence submitted by Plaintiff C.A.C. which establishes that a Bachelor's degree in a specific specialty is the normal requirement for Computer Systems Analyst positions. *See* Exh. 6, USCIS Denial of H-1B Cap Subject Petition, page 3-4.

30. As to the second regulatory criterion, 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(2)(first alternative), USCIS improperly rejects the expert opinion letter submitted by Plaintiff C.A.C. which indicates that a Bachelor's degree in a specific specialty is common to the industry in parallel positions with similar organizations. *See* Exh. 6, USCIS Denial of H-1B Cap Subject Petition, page 5. The letter is in accordance with the other evidence on the record and not questionable. *See* Matter of Caron Int'l, Inc., 19 I&N Dec. 791, 795 (Comm'r 1988). If "the expert testimony [is] reliable, relevant, and probative as to the specific facts in issue" then the USCIS must not ignore it. *See* Matter of Skirball Cultural Center, 25 I&N Dec. 799, 805-806 (AAO 2012).

31. As to the second regulatory criterion, 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(2)(second alternative), USCIS imposes a requirement that does not exist in the regulations, that C.A.C. demonstrate that the proffered role is more complex or unique than similar positions in the industry. *See* Exh. 6, USCIS Denial of H-1B Cap Subject Petition, page 5-7. Rather, this criterion requires that the employer show that "its particular position is so complex or unique that it can be performed only by an individual with a degree." 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(2). The record evidence including the detailed job description submitted by Plaintiff C.A.C. demonstrates this.

32. Regarding the fourth regulatory criterion, 8 C.F.R. §§ 214.2(h)(4)(iii)(A)(4), USCIS misrepresents the evidence as not having "described with sufficient detail how [the job duties] are more specialized and complex than those of other Computer Systems Analyst positions." *See* Exh. 6, USCIS Denial of H-1B Cap Subject Petition, page 7. This criterion does not require that an employer compare the position to other Computer Systems Analysts positions. Plaintiff C.A.C. met this criterion by providing a detailed job description, a description of all of the technologies and applications associated with the proffered job duties, and an expert opinion letter which indicates that the proffered Computer Systems Analyst role requires at least a

9

Bachelor's degree based on the complexity and specialization of the position and job duties.

33. Pursuant to 5 U.S.C. §§ 702 and 704, Plaintiff C.A.C. has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

34. C.A.C. has a need for Mr. Dekovic to work in the offered position because he has an educational background which qualifies him for the Computer Systems Analyst role. He had been employed by C.A.C. since December 2016 to December 2017 pursuant to a valid grant of OPT from December 2016 to December 2017. Furthermore, Mr. Dekovic is currently completing a Training Plan with C.A.C. pursuant to a valid grant of STEM OPT from December 2017 to December 2019. Based on Mr. Dekovic's experience with C.A.C. and his specialized knowledge, C.A.C. will be negatively impacted without his employment, resulting in a major loss to the Plaintiff in terms of time and capital.

**COUNT ONE**

**Violation of the Administrative Procedure Act**
**5   U.S.C. § 701, et seq.**

35. Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, the allegations in paragraphs 1-34 above.

36. Plaintiff is entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. 53. A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

37. Defendants denied the H-1B cap subject petition solely on the ground that the evidence in the record was insufficient to establish that Plaintiff C.A.C.'s Computer Systems Analyst position is in a specialty occupation.

38. Plaintiff C.A.C. submitted evidence demonstrating that the position satisfied three

(3) out of four (4) regulatory criteria for demonstrating a specialty occupation based upon a preponderance of the evidence where satisfying only one (1) regulatory criteria is required. 8 C.F.R. § 214.2(h)(4)(iii)(A).

39. Defendants failed to properly consider all record evidence; misread the relevant OOH and O*NET entries; improperly rejected an expert opinion letter; misconstrued the governing regulations; and erroneously concluded that Plaintiff C.A.C. has not demonstrated that the proffered Computer Systems Analyst role qualifies as a specialty occupation.

40. Defendants' errors were arbitrary, capricious and in violation of the law. Consequently, Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying Plaintiff C.A.C.'s H-1B cap subject petition.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Declare that Defendants' determination that evidence submitted by Plaintiff C.A.C. was insufficient to establish that the Computer Systems Analyst position is in a specialty occupation was arbitrary and capricious, and not in accordance with law, in violation of the APA. 5 U.S.C. § 706(2)(A);

2. Vacate the denial of the H-1B cap subject petition and remand this matter to Defendants with instructions to approve the Form I-129, Petition for Nonimmigrant Worker filed by Plaintiff C.A.C. and grant Mr. Dekovic's H-1B status until and including September 17, 2022, within ten days of the date of the Court's Order;

3. Award Plaintiff its costs in this action;

4. Grant such other relief as the Court deems just, equitable and proper.

Dated: October 29, 2019								Respectfully submitted,

												s/Carissa Tyler
												Carissa Tyler, Esq.
												ctyler@bmkllp.com

												Alexander G. Rojas, Esq.
												arojas@bmkllp.com

												Barst Mukamal & Kleiner LLP
												2 Park Avenue 19th Floor
												New York, NY 10016
												(212) 686-3838 Telephone
												(212) 481-9362 Facsimile

												*Attorneys for Plaintiff*

## LIST OF EXHIBITS

Exhibit 1 – Support Letter

Exhibit 2 – Request for Evidence

Exhibit 3 – Job Description

Exhibit 4 – OOH and O*NET Excerpts

Exhibit 5 – Expert Opinion Letter

Exhibit 6 – USCIS Denial of H-1B Cap Subject Petition

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 29th day of October, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                      <u>s/Carissa Tyler</u>
                                      Carissa Tyler, Esq.
                                      ctyler@bmkllp.com

                                      Alexander G. Rojas, Esq.
                                      arojas@bmkllp.com

                                      Barst Mukamal & Kleiner LLP
                                      2 Park Avenue 19th Floor
                                      New York, NY 10016
                                      (212) 686-3838 Telephone
                                      (212) 481-9362 Facsimile

                                      *Attorneys for Plaintiff*